```
File No. TBD
Floyd G. Cottrell, Esq./009391985
```
**COTTRELL SOLENSKY, P.A.**
```
Three University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (976) 643-1400
Fax: (973) 643-1900
Attorneys for Defendant WALMART INC., WALMART INC. F/K/A WALMART
STORES, INC., WALMART INC. I/P/A WALMART SUPERCENTER and WALMART
INC. I/P/A WALMART STORE #3795
```

| | |
|---|---|
| EVELYN ENCALADA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC., WALMART STORES, INC., WALMART SUPERCENTER, WALMART STORE #3795, JOHN DOES 1- 10 AND/OR ABC CO. 1-10 (BEING FICTITIOUS BUSINESS ENTITIES WHOSE IDENTITIES ARE CURRENTLY UNKNOWN),<br><br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – HUDSON COUNTY<br><br>Docket No. HUD-L-882-21<br><br>Civil Action<br><br>**ANSWER, AFFIRMATIVE DEFENSES<br>AND JURY DEMAND** |

Defendants WALMART INC., WALMART INC. f/k/a WALMART STORES, INC., WALMART INC. i/pa WALMART SUPERCENTER and WALMART INC. i/p/a WALMART STORE #3795 ("Answering Defendants"), by and through its attorneys, Cottrell Solensky, P.A., by way of Answer to Plaintiff's Complaint says:

### FIRST COUNT

1. Answering Defendants are without sufficient knowledge or information upon which to form a belief and neither admits nor denies same but leaves the Plaintiff to her proofs.

2. Answering Defendants deny the allegations contained in Paragraph 2 of the First Count of the Complaint.

3. Answering Defendants deny the allegations contained in Paragraph 3 of the First Count of the Complaint.

WHEREFORE Answering Defendants demand judgment dismissing the First Count of the Complaint.

## SECOND COUNT

1. Answering Defendants hereby incorporate by reference the answers to all paragraphs contained in all previous Counts, as though same were fully set forth herein at length.

2. Answering Defendants deny the allegations contained in Paragraph 2 of the Second Count of the Complaint.

3. Answering Defendants deny the allegations contained in Paragraph 3 of the Second Count of the Complaint.

4. Answering Defendants deny the allegations contained in Paragraph 4 of the Second Count of the Complaint.

WHEREFORE Defendant demands judgment dismissing the Second Count of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over answering Defendants by reason of the failure of proper service of process.

## SECOND AFFIRMATIVE DEFENSE

The within action is barred by virtue of the Doctrine of Comparative Negligence in that the Plaintiff's negligence was greater than Defendants' alleged negligence, or Plaintiff's

damages should be reduced by virtue of Plaintiff's comparative negligence, pursuant to N.J.S.A. 2A:15-5.1, et seq.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate damages; Defendants bear no liability for damages that would otherwise have been avoided or prevented.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages which form the basis of this Complaint were the direct result of the acts, omissions, and/or negligence of other persons, parties, and/or entities over whom answering Defendants had no control or authority.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendants neither owed, nor breached, any duty to Plaintiff for which a cause of action or compensation may be awarded based on Plaintiff's status at the time of the incident.

### SIXTH AFFIRMATIVE DEFENSE

All risks, hazards and dangers alleged by Plaintiff or otherwise involved in this action were known to the Plaintiff herein, were open, obvious, notorious and apparent, and the Plaintiff undertook to assume the risks thereof.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages which have been sustained by Plaintiff were brought about by the superseding, intervening culpable and/or criminal conduct on the part of other persons or entities, for whose conduct these answering Defendants were not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Whereas Plaintiff received or is entitled to receive benefits for the injuries allegedly incurred from sources other than a joint tortfeasor, the amount of these benefits (other than workers' compensation benefits or proceeds from a life insurance policy) which duplicate any benefit contained in the award shall be deducted from any award recovered by the Plaintiff, less any premium paid, all in accordance with N.J.S.A. 2A:15-97.

### NINTH AFFIRMATIVE DEFENSE

The liability, if any, of answering Defendants shall be limited in accordance with N.J.S.A. 2A:15-5.3.

### TENTH AFFIRMATIVE DEFENSE

Defendants were not placed on actual or constructive notice of the hazardous or dangerous condition alleged in the Complaint and therefore all

**JURY DEMAND**

Answering Defendant hereby demands a trial by jury as to all issues of the within Complaint, pursuant to F.R.C.P. 38.

                              **COTTRELL SOLENSKY, P.A.**
                              Attorneys for Defendants
                              WALMART INC., WALMART INC. f/k/a
                              WALMART STORES, INC., WALMART INC. i/pa
                              WALMART SUPERCENTER and WALMART INC.
                              i/p/a WALMART STORE #3795

BY: _____
      Floyd G. Cottrell, Esq.
      (973) 643-1400 x13
      fcottrell@cs-njnylawfirm.com

DATED: March 5, 2021